UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BOYNE RESORTS,<br><br>        Defendant. | Civil Action No. |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned counsel, as and for this Complaint against Defendant Boyne Resorts ("Defendant" or "Boyne"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. FPM is an online music publisher with an extensive catalog of copyrights. FPM offers customers an online catalog of more than 50,000 works for licensing under straightforward terms of use made available on FPM's website, www.freeplaymusic.com (the "FPM Website"). By way of this Complaint, FPM seeks redress for Defendant's infringement of FPM's copyrighted works. Specifically, Defendant has exploited, without authorization, FPM's copyrighted sound recordings and compositions (the "Infringed Works") through unauthorized reproduction, synchronization, distribution, and public performance by means of digital transmission – namely, videos generally available on YouTube.com and Facebook.com. Defendant has wrongfully benefited from FPM's time, effort, and expense by exploiting FPM's Infringed Works in connection with Defendant's online resort promotions and advertising. Defendant has refused to remedy its wrongful infringement despite being put on notice of the infringement by FPM.

## THE PARTIES

2. Plaintiff FPM is a Delaware limited liability company with its principal place of business at 1650 Broadway, Suite 1108, New York, New York, 10019. FPM is the rightful owner of the Infringed Works, all of which are duly registered with the United States Copyright Office. The titles and registration numbers for each Infringed Work are listed in Exhibit A.

3. Defendant is a Michigan corporation with its principal place of business at 3951 Charlevoix Avenue, Petoskey, Michigan 49770.

## JURISDICTION AND VENUE

4. FPM's claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.* Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

5. This Court has general jurisdiction over Defendant because it is a corporation organized under the laws of the State of Michigan with its principal place of business in the State of Michigan.

6. This Court has specific personal jurisdiction over Defendant because its conduct as alleged in this Complaint constitutes significant contacts with the State of Michigan. On information and belief, Defendant has directed its online advertising – which exploit the Infringed Works – towards thousands of Michigan residents, and promoted travel to its properties located in Michigan. Defendant has derived substantial revenue from exploiting the Infringed Works in the State of Michigan.

7. FPM's claim raised in this Complaint implicates Defendant's systematic and widespread infringement of the Infringed Works, including twenty-two (22) musical compositions and sound recordings.

8. On information and belief, Defendant directed its pervasive unauthorized

exploitation of FPM's Infringed Works towards Michigan residents.

9. On information and belief, Defendant has continuously and systematically transacted significant business in the State of Michigan by operating and managing a destination resort located in the State of Michigan and promoting the same via websites, social media, and other online avenues within the State of Michigan.

10. On information and belief, Defendant has benefitted substantially from its pervasive exploitation of FPM's Infringed Works within the State of Michigan. On information and belief, Defendant's conduct has at all times been willful.

11. On information and belief, Defendant has derived substantial revenue from its infringing acts in the State of Michigan and this District, including from guests enticed to booking reservations at Defendant's resort from the infringing promotion.

12. Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a) because a substantial part of the events giving rise to the claim occurred in this District and because Defendant is subject to general and specific personal jurisdiction within this District.

## INTRODUCTION

13. This is an action for copyright infringement in which Defendant copied and exploited FPM's Infringed Works (listed at Exhibit A) through a multitude of videos from its online marketing on the internet, including YouTube and Facebook (listed at Exhibit A).

14. FPM makes its production music catalog available on the FPM Website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license from FPM that corresponds to the intended type of use by the user (*i.e.*, personal, commercial, etc.). The cost of such license varies depending on the type of use. A significant market for FPM is licensing its works for a fee for companies to use commercially as music in advertisement or

other synchronized broadcasts used on the Internet where music is placed in audiovisual works.

15. Defendant used FPM's Infringed Works in its online marketing uploaded to YouTube and Facebook with the express intent to increase its viewership, market to a wider audience, and increase revenue through additional reservations at Defendant's resorts. As a result, on information and belief, Defendant has derived significant revenue and profits as a direct result of its use of the Infringing Works. However, Defendant did not first secure a license from FPM for the use of the Infringed Works.

16. Defendant's exploitative use was the direct lifting and use of sound recordings and musical compositions owned by FPM. Defendant's continued and rampant use of the Infringed Works is in direct contradiction of the express licensing terms provided on the FPM Website.

17. Through its investigation, FPM has discovered that Defendant exploited the Infringing Works through its online resort promotions and advertising made available to viewers on YouTube and Facebook ("Infringing Videos," listed at Exhibit A and incorporated herein by reference). This diligent discovery did not occur until 2022, and such date of discovery was reasonable while an earlier date was unreasonable given that the use of FPM's music happened in the vast sea of billions of videos online.

18. FPM brings this action to vindicate its rights for Defendant's infringement of FPM's Infringed Works, to recover damages, and requests that the Court grant the maximum award of statutory damages for copyright infringement. In light of Defendant's blatant and willful copyright infringement, anything less than the maximum statutory award of $150,000 per infringed work would not deter future infringement and adequately compensate FPM. While given an opportunity to explain its actions or any mitigating circumstances, Defendant has refused to substantively respond or dialogue regarding the alleged infringement.

## FACTS

### I. FPM and Its Business

19. All use of FPM's music requires a paid license for business use on the Internet.

20. Between August 2007 and June 2013, any and all exploitation of FPM's music via the internet, whether for personal or business/commercial use, required a written license agreement with FPM and payment of the associated license fee to FPM.

21. Between July 2013 and present, FPM stopped charging a licensing fee for personal uses of its content on YouTube, but still required that users enter into a written YouTube license agreement with FPM, prior to downloading and using FPM's music and/or website content. Businesses still required paid licenses.

22. Prior to July 2013, all use of FPM's music on the Internet required a paid license in accordance with the rates provided in the below table:



23. After August 2013, users were still required to obtain a license to use FPM's copyrighted works, including a free license for "*personal* use" and an annually-paid license for any "*business* use." Below is a screen shot from FPM's Pricing page subsequent to July 2013, showing annual usage pricing for YouTube uses. A link to the License Details for, "Personal use



- 6 -

on YouTube only" and "Business Use – YouTube (unlimited URLs)" appears to the right of each of these license options, clearly showing that any use on YouTube for business requires payment of a license fee.

24. Through today, for business use, users are still required to obtain a license for an annual fee.



25. At all times relevant to this Complaint, the FPM website had two checkout processes, which users had to complete in order to download music from FPM, such as the Infringed Works.

26. For example, before 2017, users logging on to FPM's website were presented with a multitude of choices from thousands of musical works. Each of the works were available for certain types of exploitation.

27. A user could not complete the checkout process without selecting a specific license type.

28. Once the user chose a license and decided to complete the checkout process, a window opened displaying the "FPM License," requiring the user to enter an email address confirming that they had read the terms of the license. A copy of the license was then e-mailed to the confirmation address entered by the user.

29. As alleged above, the FPM Website provided clear and explicit links to FPM's license pricing and provided additional material concerning FPM's license process.

30.     When a user visits the current FPM Website, they are similarly presented with a large variety of choices of musical works that are each available for specific types of licenses. A user is still required to select a license type for the particular copyrighted work selected.

31.     Users cannot complete the checkout process on the FPM Website without choosing a specific license type.

32.     After selecting a license type, a user on the FPM Website will be prompted to log in, requiring the user to enter an email address associated with the user's FPM account. A user can then proceed through checkout by clicking the check-box next to the link to the "Terms" and "License Agreement," a live link to the type of license selected, confirming that he or she has read the contents of the "Terms" and "License Agreement" links. After completing checkout, a copy of the license and transaction invoice is then e-mailed to the log-in email address provided by the user.

33.     The same material pricing terms that were in effect in 2013 for business uses on YouTube and advertising on via the web remain in effect currently.

II.     **Defendant's Unauthorized Exploitation of FPM's Infringed Works**

34.     FPM is the exclusive owner of FPM's Infringed Works, which at all relevant times have been registered with the United States Copyright Office. *See* Exhibit A, incorporated herein by reference.

35.     As of this date, FPM has identified Defendant's use of FPM's Infringed Works detailed in Exhibit A.

36.     FPM conducted a diligent search for a license between FPM and Defendant for Defendant's uses of the Infringed Works, but was unable to locate any licenses for Defendant. Thus, on August 11, 2022, FPM's counsel sent a letter and multiple follow up emails since to

Defendant demanding that it provide proof of license for the FPM Infringed Works and/or otherwise respond to the allegations.

37. Despite sporadic responses from Defendant's counsel, these responses have never been substantive and have only made unmet assurances that the matter was being looked into.

38. Defendant's uses are unauthorized. FPM afforded Defendant ample opportunity to show a valid license, but Defendant refused to provide proof of those licenses.

39. Defendant did not provide the requisite licenses for its use of the twenty-two (22) Infringed Works and, without license at any relevant time, has used and continued to infringe those works with public performances on YouTube and Facebook.

40. Defendant certainly had access to FPM's Infringed Works, but no valid license to exploit said Infringed Works. Indeed, FPM conducted a diligent search of its records for a license between FPM and Defendant, but none was located. Despite FPM's multiple attempts to figure out whether Defendant had a license for its uses of the FPM Infringed Works, Defendant failed to provide proof of a valid license for the use of FPM's Infringed Works. Defendant could only have obtained access to the Infringed Works from the FPM Website.

41. Defendant's unauthorized uses of FPM's Infringed Works consist of direct actual copying of FPM's Infringed Works embedded within its online commercial business purposes.

42. The qualitative and quantitative similarities are identical in this instance because Defendant's use of the Infringed Works are direct copies. FPM has saved recordings of each of these Infringing Videos and will produce them in discovery or upon request, but are too voluminous to reasonably attach to this Complaint. To be clear, however, the videos contain direct copies of the Infringed Works.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Against Defendant Boyne)

43. FPM incorporates the allegations set forth in all Paragraphs of this Complaint as if fully set forth herein.

44. FPM is the legal and beneficial owner of the United States copyright in all rights, titles, and interests in the Infringed Works. At all relevant times, FPM has owned the Infringed Works and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

45. Each of the Infringed Works have been duly registered with the U.S. Copyright Office. Each of the Infringed Works is an original work of authorship and constitutes copyrightable subject matter as defined by 17 U.S.C. § 102.

46. Defendant willfully exploited the Infringed Works in at least the Infringing Videos posted on YouTube and Facebook. The Infringing Works have been viewed thousands of times over the years on YouTube and Facebook, and on information and belief a significant number of those views have been in the United States to obtain U.S. viewership, advertising revenue, and resort bookings in interstate commerce.

47. Defendant exploited the Infringing Works without FPM's authorization to do so, and did so on information and belief with knowledge of the unauthorized nature of the infringement. They did so without a license and the Infringing Videos were viewed thousands of times or more on You Tube and Facebook.

48. FPM alerted Defendant of its infringement demanding that Defendant provide valid licenses for its uses of the Infringed Works. Defendant never provided a license.

49. Defendant's unauthorized reproduction, distribution, public performance, synchronization, and display of the Infringed Works infringes FPM's exclusive rights in violation

of 17 U.S.C. § 101, *et seq.*

50. At all relevant times, Defendant's conduct has been willful, and with total disregard for FPM's rights. Defendant had knowledge and understanding of FPM's straightforward licensing procedures, but exploited the Infringed Works across dozens of works and videos, over the course of several years without obtaining the necessary licenses from FPM.

51. FPM has been irreparably harmed and suffered actual damages, including lost profits and licensing fees, as a direct result of Defendant's infringing conduct.

52. FPM is entitled to damages, including Defendant's profits pursuant to 17 U.S.C. 504(b) in an amount to be proven at trial.

53. FPM is entitled to the maximum amount of statutory damages for willful copyright infringement of each Infringed Work, which upon information and belief, is not less than $3,300,000.

54. FPM has incurred attorneys' fees and costs as a direct result of Defendant's infringement, which are recoverable pursuant to 17 U.S.C. § 505.

55. Defendant's conduct has caused great damage to FPM, which damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, FPM will suffer irreparable injury, for which FPM is without adequate remedy at law.

## **PRAYER**

**WHEREFORE**, FPM prays for judgment and relief as follows:

**A.** For judgment in favor of FPM and against Defendant;

**B.** A declaration and finding that Defendant infringed FPM's Copyrights in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

**C.** An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages,

and Defendant's profits in an amount to be proven at trial, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) per infringed work;

  D. For costs of suit, including an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable laws;

  E. Order that Defendant be required to pay FPM pre-judgment and post-judgment interest at the statutory rate;

  F. For temporary, preliminary and permanent injunctive relief requiring the removal and destruction of the Infringing Works and any other works using FPM copyrighted materials; and

  G. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), FPM demands a trial by jury on all issues in its Complaint so triable.

Dated:     October 24, 2024              Respectfully submitted,

By: /s/ *Matthew J. Lund*
    Matthew J. Lund (P48632)
    TROUTMAN PEPPER
    HAMILTON SANDERS LLP
    4000 Town Center, Suite 1800
    Southfield MI 48075
    Tel:  248.359.7370
    matthew.lund@troutman.com

    Ben L. Wagner (CA Bar No. 243594)
    *Admission forthcoming*
    TROUTMAN PEPPER
    HAMILTON SANDERS LLP
    11682 El Camino Real Suite 400
    San Diego, CA 92130-2092
    Tel: 858.509.6000
    Ben.wagner@troutman.com

Attorneys for Plaintiff
FREEPLAY MUSIC, LLC